JESÚS M. ROLÓN MARXUACH, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. ARMINDO CADILLA GINORIO, JUEZ, demandado.

Número: C-66-131        Resuelto: 25 de octubre de 1968

*José M. Tejada* y *Santos P. Amadeo,* abogados del peticionario; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

El tribunal de instancia dictó sentencia declarando válida y eficaz la confiscación efectuada por el Secretario de Justicia en este caso. El peticionario nos pide la revocación de esta sentencia aduciendo que: (1) el registro que dio base a la confiscación fue ilegal e irrazonable, y, (2) el tribunal de instancia incidió al declarar inadmisibles las sentencias absolutorias dictadas a favor del peticionario en los casos criminales seguidos contra él en relación con los mismos hechos que dieron lugar a la confiscación. El recurso no tiene méritos.

En cuanto al primer apuntamiento, basta examinar las siguientes conclusiones de hecho del tribunal de instancia, las cuales están ampliamente sostenidas por la prueba:

"1. El día 25 de febrero de 1965 alrededor de la 1:00 de la tarde los policías Gilberto Ferrer, placa 4672 y Juan A. Arroyo, Placa 5160, intervinieron con el demandante Jesús M. Rolón Marxuach.

2. Dicha intervención se debió a que el señor Jesús M. Rolón Marxuach venía conduciendo el vehículo de motor marca Buick Riviera, modelo 1964, tablillas 866–923, dando zig zags, obstaculizando de este modo el tránsito, por lo cual dichos agentes le tocaron bocina y luego la sirena de su auto de patrulla y al pasar junto al auto de éste le informaron al conductor que se detuviera, a pesar de lo cual éste no lo hizo, razón por lo cual

tuvieron que adelantársele y atravesársele en el camino, obligándolo en esta forma a detenerse.

3. Al acercársele a dicho conductor le solicitaron la licencia de conductor y éste se negó a mostrarla. En tal negativa perseveró hasta que fue llevado ante el Juez instructor quien tuvo que sustituir el nombre de John Doe, bajo el cual provisionalmente se le había radicado la acusación y denuncia correspondientes por las infracciones cometidas, por el de Jesús M. Rolón Marxuach, ya que fue a este magistrado al que le presentó la licencia de conducir y le dio su nombre.

4. Al detener al demandante los agentes le invitaron a bajarse del carro a lo que éste se negó por lo que tuvieron que proceder a bajarlo y al así hacerlo notaron que el individuo intervenido despedía de la boca un fuerte olor a licor y al ser bajado del auto, apenas podía mantenerse en pie.

5. Procedieron los agentes a arrestarlo y consecuentemente a registrarlo, encontrando en el bolsillo de la chaqueta de éste una cuchilla plegadiza cuya hoja mide 3-1/2 pulgadas.

6. Luego de esto, estacionaron el vehículo del demandante y llamaron a otra patrulla para que lo recogiera y lo llevaran al Cuartel para que se ordenara la confiscación del mismo por haber sido utilizado para cargar, transportar, llevar y trasladar un arma (cuchilla plegadiza 3-1/2 pulgadas) en violación a la Ley."

Surge palmariamente de estos hechos que el peticionario (a) conducía un vehículo de motor bajo los efectos de bebidas embriagantes, (b) en forma descuidada y atolondrada que podía poner en peligro vidas y propiedades ajenas, (c) hizo caso omiso del aviso de la sirena del auto de patrulla y de las instrucciones de los agentes para que detuviera la marcha, (d) se negó a bajarse del vehículo cuando los agentes se lo requirieron y (e) rehusó mostrar su licencia de conductor a los agentes.

El peticionario invoca en apoyo de su primer apuntamiento a *Pueblo* v. *Sosa Díaz*, 90 D.P.R. 622 (1964). En dicho caso expresamos que "la mera comisión de una *infracción menor de tránsito* no autoriza un registro del vehículo." Esta norma la extendimos en *Pueblo* v. *Polanco Marcial*,

95 D.P.R. 470 (1967), para proteger no sólo al vehículo sino también a la persona que lo ocupa.

■ Los actos cometidos por el peticionario constituyen serias violaciones a la Ley de Vehículos y Tránsito y al Código Penal, (¹) y no meras infracciones menores de tránsito. Su conducta evidenció tal grado de contumacia y temeridad que daba motivo razonable a los agentes del orden para creer que el peticionario intentaba escaparse o podía cometer un ataque contra ellos, o estaba armado, cualquiera de los cuales justificaba el registro. *Pueblo* v. *Sosa Díaz*, supra; *Pueblo* v. *Polanco Marcial*, supra; *Pueblo* v. *Riscard*, 95 D.P.R. 405 (1967). En dichos casos expresamos que el registro incidental a un arresto se justifica por la necesidad de ocupar armas y otros objetos que puedan utilizarse para escapar a la detención, así como por la necesidad de evitar la destrucción de evidencia relacionada con la comisión del delito o para impedir o malograr un ataque o agresión al que practica la detención.

En resumen, tanto la naturaleza de los hechos cometidos por el peticionario como las circunstancias que rodearon los mismos justificaron el registro no sólo de su persona sino también del vehículo.

El segundo error señalado se refiere a la negativa del tribunal de instancia a admitir en evidencia copias de las sentencias absolutorias dictadas a favor del peticionario en

---

(¹) Ley Núm. 141 de 20 de julio de 1960, 9 L.P.R.A. secs. 871, 1041 y 1151, relativas a los delitos de conducir bajo los efectos de bebidas embriagantes, conducir descuidada y atolondradamente y negarse a mostrar la licencia de conductor y Art. 137 del Código Penal, 33 L.P.R.A. sec. 495, relativa a la resistencia o estorbo a funcionarios públicos en el cumplimiento de alguna de las obligaciones de su cargo. Debemos señalar que a la fecha en que se cometieron los hechos de este caso, el delito de conducir bajo los efectos de bebidas embriagantes conllevaba únicamente pena de cárcel de no menos de 10 días ni más de un año. Posteriormente se enmendó la pena para permitir la imposición de una multa no menor de $100.00 ni más de $1,000.00 y/o una pena de cárcel por un término no mayor de un año. Ley Núm. 6 de 30 de abril de 1965, 9 L.P.R.A. sec. 1042, Suplemento.

los casos criminales seguidos contra él por los delitos de portación de armas y conducir bajo los efectos de bebidas embriagantes.

■ El peticionario no nos ha puesto en condiciones de resolver este apuntamiento. Meramente se limitó a expresarlo como error en la petición del recurso sin discutirlo en su alegato y sin ni siquiera intentar demostrar los fundamentos en que se basa el mismo. Por tal razón no podemos considerarlo.

*Se confirma la sentencia dictada por el tribunal de instancia en este caso.*

El Juez Presidente Señor Negrón Fernández no intervino.