EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GIL-
BERTO RIVERA GONZÁLEZ (a) GARATA y JOSÉ SERPA ÁL-
VAREZ, acusados y apelantes.

Número 15642.
*Sometido:* 1 de febrero de 1955. *Resuelto:* 7 de marzo de 1957.

*Santos P. Amadeo* y *Rafael V. Pérez Marchand,* abogado de los
apelantes; *Hon. Secretario de Justicia José Trías Monge* y
*Rafael L. Ydrach Yordán, Fiscal del Tribunal Supremo,* abo-
gados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tri-
bunal.

En este caso se le han señalado cuatro errores a la ilus-
trada Sala sentenciadora al (1) separar a los acusados del
abogado defensor, durante la vista del caso, imposibilitando
de esta manera la labor del abogado: (2) instruir al jurado
que éste tenía poder para determinar si el testigo señor Gui-
llermo Hernández Vega era o no un cómplice de los acusa-
dos-apelantes; (3) no definirle al jurado lo que constituye
un cómplice a los fines de determinar si la declaración de éste
debía ser corroborada y (4) no declarar con lugar dos mocio-
nes de *"mistrial"* por el fundamento de haberse entrevistado
los fiscales con los testigos de cargo después de estar éstos
bajo la potestad de dicho tribunal.

Aunque el primer error señalado plantea una cuestión
fundamental y seria—compárese, por ejemplo, *People* v. *Zam-
mora,* 152 P.2d 180 (White), (1944) cita precisa a las págs.

214 y 215, con *Commonwealth* v. *Boyd*, 92 Atl. 705 (Stewart), (1914), cita precisa a la pág. 706—que afecta nada menos que al derecho constitucional de la debida asistencia de abogado, el error cometido al instruir al jurado que éste tenía facultad para determinar si el testigo señor Guillermo Hernández Vega era o no un cómplice y el error cometido al no definirle al jurado lo que constituye un cómplice, son suficientes para revocar la sentencia y ordenar un nuevo juicio: *Pueblo* v. *Flecha*, 70 D.P.R. 685 (De Jesús), (1949) cita precisa a la pág. 689. De la prueba del caso se desprende claramente que Guillermo Hernández Vega era un cómplice. No hubo conflicto en cuanto a su condición como tal cómplice. En este caso compete al Juez resolver, que tal testimonio es uno de un cómplice, que debe ser corroborado, e instruir al jurado en cuanto a ese respecto, y no dejar, a juicio del jurado determinar, si el testimonio es uno o no es de un cómplice, y si el mismo debe o no debe ser corroborado. Hubiera sido suficiente describir al testigo como un co-autor en el designio común de todos los acusados comprendidos en el ataque al Cuartel de la Policía de Arecibo: *Pueblo* v. *Díaz*, 67 D.P.R. 785 (De Jesús), (1947), cita precisa a la pág. 787; *Pueblo* v. *Villanueva*, 71 D.P.R. 917 (Marrero), (1950), cita precisa a la pág. 920: *Pueblo* v. *Morales*, ante pág. 605 (Belaval), (1956) cita precisa a la pág. 611.

*Debe revocarse la sentencia apelada y ordenarse la celebración de un nuevo juicio.*