EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* TOMÁS LUIS RISCARD, acusado y apelante.

*Números:* CR-66-240,     *Resueltos:* 8 de noviembre de 1967
CR-66-241

*Francisco Coll Moya,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Adaljisa Díaz de Collazo, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

En 31 de marzo de 1965 el apelante fue convicto por un jurado unánime por traficar en heroína en violación de la Ley de Narcóticos de Puerto Rico. [1] En esa misma fecha fue convicto por un tribunal de derecho de una infracción a la Ley de Armas. [2] La violación a la Ley de Narcóticos constituyó delito grave y la de la Ley de Armas, delito menos

[1] 24 L.P.R.A. sec. 974z.

[2] 25 L.P.R.A. sec. 416.

grave. La sentencia que le fue impuesta por la violación a la Ley de Armas dispone que se cumplirá concurrentemente con la del otro delito.

## *El Caso de la Ley de Armas*

El único error que señala el apelante es que el registro mediante el cual se obtuvo el revólver fue ilegal. Es necesario, desde luego, examinar brevemente los hechos para poder pasar juicio sobre ese planteamiento.

Por motivo de los hechos que luego dieron lugar a su procesamiento y convicción por violar la Ley de Narcóticos, se expidió, por un Juez de Distrito, una orden de arresto contra el apelante. Para llevar a cabo su arresto, el agente especial de la División de Drogas y Narcóticos del Departamento de Hacienda, Luis Montañez Robles, se dirigió a la casa del apelante acompañado del agente Miguel F. Lucca, de la misma División.

Al llegar los agentes a la casa del apelante tocaron en la puerta y al éste abrir se identificaron y el agente Montañez Robles le informó que traía una orden de arresto en su contra. El apelante corrió hacia un cuarto de la casa, el agente lo siguió y le dio alcance. Hubo allí un forcejeo, en el cual intervino también la esposa del apelante, pero el agente logró reducir al apelante a la obediencia. En una tablilla de un ropero que había en ese mismo cuarto, y que no estaba cerrado con llave, el agente encontró un revólver cargado.

Las circunstancias de este caso demuestran que el registro fue razonable e incidental a, y contemporáneo con, un arresto legal. Por lo tanto el registro fue legal y admisible la evidencia obtenida. La regla que permite los registros contemporáneos a un arresto se justifica por la necesidad o conveniencia de ocupar armas y otros objetos que puedan ser utilizados para atacar a un agente del orden público o para llevar a cabo una fuga, como también por la necesidad y con-

veniencia de evitar la destrucción de evidencia, cosas que podrían ocurrir si las armas o la evidencia se hallan en la persona del acusado o en sus cercanías inmediatas. Este derecho al registro contemporáneo y a la ocupación de armas y evidencia no solamente cubre a la persona que está siendo legalmente arrestada, sino también se extiende a los lugares (*premises*) y cosas que están bajo su control inmediato. *James* v. *Louisiana*, 382 U.S. 36, 37 (1965); *Preston* v. *United States*, 376 U.S. 364, 367 (1964) y autoridades allí citadas; *Stoner* v. *California*, 376 U.S. 483, 486 (1964); *Pueblo* v. *Miranda*, 79 D.P.R. 132, 134 (1956) y autoridades allí citadas; *Murray* v. *United States*, 351 F.2d 330, 334 (1965).

El caso de autos cae claramente bajo la regla antes enunciada y sostenida repetidas veces. El registro fue incidental a un arresto válido; el registro se limitó al lugar (*premises*) en que el apelante fue arrestado y en el cual el apelante hizo resistencia y hubo forcejeo; el registro se justificó ya que se podían ocupar armas u otra clase de evidencia. El arma, que estaba sobre una tablilla de un ropero que tenía las puertas juntas pero sin estar cerrado con llave, pudo fácilmente haber sido agarrado por el apelante si éste se le zafaba al agente o también pudo haber sido tomado por la esposa del apelante, quien ya había intervenido físicamente en el forcejeo, creando así una situación muy seria y peligrosa tanto para el agente del Departamento de Hacienda, para el apelante y para ella misma. No se trata en esta ocasión de un registro irrazonable como el del citado caso de *James* v. *Louisiana*, supra, en que luego de ser arrestada una persona la policía sin orden de allanamiento hizo una búsqueda en una casa que quedaba a más de dos manzanas del sitio en que dicha persona fue arrestada. Claramente allí el registro no fue contemporáneo al arresto ni se limitó al lugar (*premises*) en donde el arresto fue hecho. No se cometió el error señalado.

## El Caso de Narcóticos

En este caso el apelante señala cinco errores, los cuales mencionaremos y discutiremos a continuación. Expresa el primer señalamiento:

"Erró el Tribunal al instruir a los señores del jurado sobre lo que debe entenderse es un cómplice y al invadir la función de los señores del jurado en su misión como jueces de hecho."

En sus instrucciones al jurado el magistrado expresó lo siguiente:

"Debo decir a los señores del Jurado que para efectos de este caso, el agente especial que declaró aquí, Julio Colón Barreto, no es un cómplice del acusado por lo que el testimonio de él no tendría que ser corroborado con otra prueba." (T.E. pág. 41.)

Surge de la transcripción de evidencia que tanto el agente especial de la División de Drogas y Narcóticos, Julio Colón Barreto, como el agente supervisor César Delgado se identificaron plenamente como agentes especiales de la División de Drogas y Narcóticos del Departamento de Hacienda y declararon que su trabajo consistía en perseguir el tráfico ilícito de drogas. Sus declaraciones sobre este aspecto son explícitas y claras. La defensa no cuestionó esto en ningún momento y el récord no da base para duda alguna sobre quién era y a qué se dedicaba el agente Colón Barreto.

La evidencia demuestra plenamente que Colón Barreto era un agente especial del gobierno dedicado a perseguir el tráfico ilegal de drogas. Tanto los hechos ocurridos como su propia declaración expresa así lo demuestran. No erró el juez de instancia al instruir al jurado que Colón Barreto no era un cómplice y que su testimonio no tenía que ser corroborado. La instrucción que dio el juez era un ingrediente de derecho que bien podía dicho magistrado explicar en sus instrucciones. V. *Pueblo* v. *Rodríguez Rivera*,

84 D.P.R. 299, 301 (1961) ; *Pueblo* v. *Adorno*, 81 D.P.R. 518, 544 (1959) ; *Pueblo* v. *Rivera*, 79 D.P.R. 832, 833 (1957). [3]

El segundo error señalado es más bien una segunda elaboración del primero. Alega el apelante que el tribunal erró al instruir al jurado que el testimonio de Colón Barreto no necesitaba corroboración por ser éste un agente especial que actuó como agente encubierto. Como se desprende de nuestra discusión del primer error ése era el caso y la instrucción al respecto fue correcta. Tampoco se cometió el segundo error señalado.

■ En el tercer señalamiento se expresa que el tribunal erró al instruir al jurado "con relación al peso que podía tener en la consideración del caso la prueba presentada de convicciones anteriores del acusado." El señalamiento carece de mérito. El apelante declaró que había sido convicto anteriormente dos veces en los Estados Unidos por infracciones a la Ley de Drogas. Al respecto, el juez en sus instrucciones le dijo al jurado:

"Quiere decir, que esa prueba no es prueba en este caso. Ustedes no deben considerar esa prueba para determinar si el acusado es o no culpable de los hechos que se le imputan en este caso."

■ El cuarto señalamiento imputa error al tribunal al instruir al jurado en el sentido de que no era necesario que se estableciese que el apelante actuó de común acuerdo con la otra persona que aparecía acusada en el pliego acusatorio. No se cometió el error señalado. La situación era la siguiente, en este caso había dos acusados: el apelante y otra persona.

---

[3] Es necesario distinguir el concepto "cómplice" utilizado en este contexto referente a la admisibilidad de la evidencia, del otro concepto de "cómplice" del derecho penal sustantivo contenido en el Art. 37 del Código Penal vigente (ed. 1937) ; 33 L.P.R.A. sec. 83. En derecho penal sustantivo el que participa en la comisión de un crimen o aconsejare su comisión es principal o autor y no cómplice. Cómplice es el que sabiendo que se ha cometido un crimen grave lo ocultare de las autoridades o albergase y protegiese a una persona acusada o convicta de dicho delito. 33 L.P.R.A. secs. 82 y 83.

En sus instrucciones el magistrado propiamente aclaró que en el juicio que acababa de verse y sobre el cual el jurado debía de terminar, el acusado era el apelante y no la otra persona. Expresó "en este caso se está ventilando acusación contra este acusado únicamente. Ustedes tienen que pensar si este acusado incurrió en la infracción de la ley que se le imputa en este caso. El acusado, Roberto Sánchez, no está ante ustedes en este momento. Ustedes no pueden decidir si es o no culpable porque no está aquí en este delito."

El quinto señalamiento expresa que el tribunal erró "al instruir a los señores del jurado con relación al valor o peso de la prueba." En la argumentación de este error no se especifica qué instrucción es la que se objeta. La argumentación que se hace es al efecto de que hubo mucha demora en procesar al acusado. Los hechos ocurrieron en 17 de diciembre de 1963 y la denuncia se formuló en 15 de mayo de 1964. El agente especial explicó que se trataba de un esfuerzo por traer a la justicia a los traficantes en drogas y que si se hacía una denuncia inmediatamente se frustraría dicho esfuerzo. Es de conocimiento general que en materia del crimen más o menos organizado, como lo es el tráfico ilegal de drogas, su persecución tiene que obedecer a ciertos planes determinados. De otra manera los agentes del orden público estarían impotentes para bregar con esa lacra social. *Pueblo* v. *Tribunal Superior*, 81 D.P.R. 455 (1959); *Pueblo* v. *Seda*, 82 D.P.R. 719 (1961); *Pueblo* v. *Sánchez Castillo*, Sentencia de 17 de febrero de 1966. De todas maneras, el delito en cuestión podía procesarse pues no había prescrito. 33 L.P.R.A. secs. 231–233; *Pérez Vega* v. *Tribunal Superior*, 93 D.P.R. 749 (1966).

*Por las razones antes expuestas se confirmarán las sentencias apeladas en ambos casos comprendidos en esta opinión.*

El Juez Asociado Señor Belaval no intervino.