EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. DANIEL E. LÓPEZ PRITCHARD, JUEZ, demandado; JUAN VELÁZQUEZ VÁZQUEZ, interventor.

*Número:* O-69-162 *Resuelto:* 24 de febrero de 1970

*J. F. Rodríguez Rivera, Procurador General Interino,* y *Peter Ortiz, Procurador General Auxiliar,* abogados del peticionario; *Eduardo Cuchí Coll,* abogado del interventor.

PER CURIAM: El fiscal presentó acusación contra Juan Velázquez Vázquez por infracción al Art. 8 de la Ley de Armas, 25 L.P.R.A. sec. 418, imputándole que portaba, conducía y transportaba un revólver cargado, sin tener previamente una licencia autorizándole para ello. Antes de formular alegación el acusado presentó una moción sobre supresión de evidencia fundándose en que el arma le fue ocupada en un registro ilegal practicado por el Sargento Ángel L. Rivera en ocasión en que se le conducía en un auto de patrulla al cuartel, "mientras el acusado se conducía en una forma completamente pacífica y ordenada, sin haber cometido delito alguno en presencia de la policía que justificara el referido registro", según adverado por dicho agente del orden público en el juicio celebrado por otra causa criminal—alteración a la paz con riña—ante el Tribunal de Distrito.

El ministerio público contestó. Expuso que, conforme a la declaración jurada del agente mencionado obrante en el sumario de la causa, el registro había ocurrido al intervenir con tres personas que reñían frente a la entrada del Fuerte Brooke, una de las cuales era el acusado. En un escrito de réplica el acusado reiteró lo expuesto en la moción de supresión y específicamente hizo referencia a que el Sargento Rivera había declarado ante el Hon. Alberto Toro Nazario, juez de distrito, que las personas aludidas "no estaban haciendo nada allí, no estaban cometiendo ningún delito allí", por lo cual fueron absueltas.

Las partes sustanciaron sus respectivas alegaciones con el testimonio de testigos: la defensa, con las declaraciones del Juez Toro Nazario y el acusado; el Pueblo, con las de José Velázquez, Juan González y el Teniente José de Jesús Fernández. A los fines de resolver el planteamiento el juez a quo aceptó como cierta la declaración del Teniente de Jesús,[1] "la que más favorece la posición del ministerio

---

[1] El Procurador General resume adecuadamente el testimonio en la siguiente forma:

público", determinó que el arresto del acusado había sido legal, pero que el registro había sido irrazonable. Se expresó así:

"El Tribunal, examinada la prueba en este caso, asumiendo que merezca entero crédito la prueba por el Ministerio Público, sin embargo, tomando en consideración el hecho que dos testigos del Ministerio Público contradicen la versión del policía pero siendo la versión del señor Tnte. la que más favorece la posición del Ministerio Público, aceptando como cierta en su totalidad dicha declaración, surge que en el momento del arresto surgido en Fort Brooke, el acusado no fue registrado, fue arrestado, puesto bajo custodia, fue colocado dentro del vehículo de la policía, luego fue conducido desde Fort Brooke hasta una calle más lejana donde en el trayecto de Fort Brooke la policía se detuvo y ordenó el Tnte. al sargento que procediera al registro del señor acusado; el Hon. Tribunal Supremo en el caso de Tomás Luis Riscard del 8 de noviembre de '67, establece las normas que deben regir para los fines de determinar si un registro es razonable o irrazonable aún asumiendo que hubiera base para un arresto legal, partiendo de la base que el arresto es legal cuando es razonable un registro y cuando no lo es; en

---

". . . venía saliendo de Fort Brooke, cuando notó una pelea, que había un sinnúmero de personas peleando. Algunos trataban de evitar y otros peleaban. Su acompañante, Sargento Ortiz y el Teniente de Jesús intervinieron y notaron al acusado caerse al piso, se levantó y arremetió contra un expolicía de apellido Cintrón. El hijo del acusado le dio a Cintrón también. Los agentes arrestaron a Cintrón, al acusado y su hijo. Los otros participantes se fueron del lugar. Los policías pusieron al acusado en el carro patrulla pero se apeó encolerizado [y se dirigió al sitio de la pelea] y lo volvieron a montar. Salieron del lugar y mientras iban por la Ponce de León notó por el espejo, varias veces, que el acusado se arreguindaba del asiento del frente y metía la mano por la parte de atrás del espejo. El testigo ordenó parar el vehículo y que lo registraran. En la parte de atrás, en un pañuelo le encontraron el revólver. Anteriormente había declarado que el acusado iba atrás con su hijo y que el señor Cintrón iba al frente para evitar que pelearan. (T.E., pág. 38) A preguntas del magistrado declaró que el registro se efectuó como cinco minutos después del arresto y que ordenó el registro basándose en los movimientos que estaba haciendo en la parte de atrás del vehículo y que él creyó necesario registrarlo. (T.E., pág. 40) A preguntas de la defensa declaró que al momento exacto de registrarlo no estaba cometiendo ningún delito."

el caso de José Polanco, resuelto el 19 de diciembre del '68, el Hon. Tribunal Supremo nuevamente establece el caso donde dice el Tribunal Supremo y citamos: 'presumiendo el arresto del apelante fuera legal, del arresto surge que este registro incidental a un arresto legal, fue irrazonable, Pueblo vrs. Sosa Díaz —90 DPR (el Hon. Juez lee) Elaborando sobre el mismo aspecto hicimos referencia a que el registro se justifica por la necesidad de ocupar el arma u otro objeto que pudiera utilizarse para evitar la detención o para evitar la desaparición u ocupación de evidencia, etc. Como se verá, ninguno en la silla concurre en el presente caso, etc.' Terminada la cita del caso del Pueblo versus José Polanco, tenemos igualmente resuelto por el Tribunal Supremo el caso de Pueblo vrs. Hilda Cruz Plaza, sentencia del 8 de octubre de 1968 donde el Tribunal Supremo establece como sigue 'Al momento del arresto no fue registrado, se le hizo entrar en un vehículo de la policía y luego entrar en marcha, etc.' El Tribunal en vista de los hechos que estimamos probados, dándole el beneficio de la duda a la credibilidad de los testigos del Pueblo ya que la prueba del Pueblo es contradictoria, que hay dos testigos que establecen una versión y el Tnte. establece otra aún asumiendo que hay un arresto legal, el Tribunal estima que el registro fue irrazonable por lo que se declara, CON LUGAR, la moción de supresión de evidencia en el caso de epígrafe."

 Los hechos del presente caso son distinguibles de los de *Pueblo* v. *Sosa Díaz*, 90 D.P.R. 622 (1964), *Pueblo* v. *Riscard*, 95 D.P.R. 405 (1967), *Pueblo* v. *Polanco Marcial*, 95 D.P.R. 470 (1967) y *Pueblo* v. *Cruz Plaza*, Cr-66-211, Sentencia de 8 de octubre de 1968, en que se fundó el juez de instancia. Para determinar la razonabilidad de un registro es necesario examinar todas las circunstancias concurrentes. Como surge de los hechos no puede ignorarse que el acusado había sido detenido por participar en una riña—se admite que el arresto fue legal, contrario a lo que se alegó en la moción de supresión de evidencia—; que se desmontó del auto de patrulla, encolerizado, y se dirigió al lugar de la disputa, lo que motivó que el Teniente lo buscara nuevamente y que lo separara de su contrincante en el automóvil; *que hizo*

*una serie de movimientos sospechosos*—"se arreguinda del asiento del frente y se mete la mano por la parte de atrás del espejo"—y que la orden de registro "se basó en los movimientos que estaba haciendo en la parte atrás del vehículo" que presenció el oficial por el espejo retrovisor. Todos estos hechos podían dar motivos fundados a una persona prudente y razonable de que el detenido podía constituir un peligro para la seguridad de los agentes y que el registro era necesario para buscar algún objeto o arma que pudiera utilizarse para tales propósitos. No puede afirmarse en esas circunstancias que el registro fuera irrazonable por el hecho de que no se practicara inmediatamente después del arresto, sino unos minutos después. *Cf. Cooper* v. *California,* 386 U.S. 58 (1967) y *Chimel* v. *California,* 395 U.S. 752 (1969).

*Se dejará sin efecto la resolución ordenando la supresión de evidencia y se devolverá el caso para ulteriores procedimientos.*

El Juez Presidente Señor Negrón Fernández no intervino.

