EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ M. COSTOSO CABALLERO, acusado y apelante.

*Número:* CR-70-50 *Resuelto:* 12 de octubre de 1971

*Julio García Antique, E. Armstrong de Watlington* y *Enrique Miranda Merced,* abogados del apelante; *Gilberto Gierbolini, Procurador General,* y *Cándita R. Orlandi, Procuradora General Auxiliar,* abogados de El Pueblo.

El Juez Asociado Señor Rigau emitió la opinión del Tribunal.

El apelante fue convicto de hurto mayor, Art. 428 del Código Penal, 33 L.P.R.A. sec. 1683. Señala como único error el siguiente:

"Erró el Honorable Tribunal de instancia al determinar que el segundo registro practicado al acusado, cuando ya se hallaba bajo custodia policíaca, era razonable por ser contemporáneo a los hechos, y al no determinar que el fruto de ese registro fue motivado por admisiones del acusado, como resultado de unas deficientes y erróneas advertencias supuestamente héchales."

Debemos examinar los hechos pues, aunque el planteamiento es uno de derecho, está ineluctablemente unido a ellos.

Como consecuencia de una llamada telefónica, el policía Calixto Díaz se personó en el quinto piso del edificio ubicado en el Núm. 154 de la Calle Taft de Santurce y allí sorprendió al apelante tratando de forzar con un cortafrío la puerta del apartamiento Núm. 502, vivienda que no era la del apelante. El policía arrestó a aquél y lo llevó al Cuartel de la Policía de la calle Loíza, también en Santurce. El apelante llevaba

consigo una carpeta o portapapeles. En el cuartel, luego de hacerle unas advertencias al acusado sobre sus derechos—de estar asistido de abogado, de usar el teléfono, de llamar a un pariente, etc.—el policía le pidió al apelante que le diese la carpeta, lo cual el apelante hizo. El policía abrió y registró la carpeta y allí aparecieron unas prendas, las cuales habían sido hurtadas ese mismo día de otra vivienda cercana al lugar en donde el apelante fue arrestado. La explicación que el apelante le dió al policía fue que las adquirió "mediante una transacción de drogas que hizo en la Parada 26."

La posesión de esas prendas dio margen a la acusación y convicción del apelante del delito de hurto mayor que motiva esta apelación.

La posición del apelante es que el registro de la carpeta fue irrazonable por no ser contemporáneo con el arresto. Se basa primordialmente en *Pueblo* v. *Sosa Díaz*, 90 D.P.R. 622 (1964).

En *Sosa Díaz*, supra, al investigar un accidente automovilístico la policía encontró al apelante bajo la influencia de bebidas alcohólicas, por lo que éste fue detenido y llevado al cuartel. Mientras tanto un policía se quedó a cargo del automóvil. Al regresar al lugar del accidente otro policía de nombre Román registró el carro y encontró un revólver debajo de un asiento del vehículo. Allí, siguiendo a *Preston* v. *United States*, 376 U.S. 364 (1964), revocamos la convicción del delito de infracciones a la Ley de Armas. Resolvimos allí que el registro sin orden de allanamiento fue irrazonable porque dicho registro fue remoto en tiempo y en lugar al arresto y por lo tanto no era un registro incidental al arresto. La conclusión a que llegamos en aquel caso se explica por lo siguiente. El registro, sin orden de allanamiento o registro que lo autorice, de una persona arrestada legalmente, se justifica porque se hace para ocupar armas o instrumentos que pudiesen ser utilizados para atacar a los agentes de la policía o para intentar o efectuar una fuga; para ocupar

armas o instrumentos utilizados en la perpetración de un crimen; y para evitar la destrucción de evidencia. (¹) En *Sosa Díaz*, el registro, sin orden, del automóvil ya no podía justificarse por esas razones porque el apelante ya se encontraba lejos del automóvil y bajo custodia en el Cuartel de la Policía.

El caso de autos es distinto a dicho caso de *Sosa Díaz*. En el caso de autos el apelante tenía *en sus manos* la carpeta o portapapeles. Como el policía no podía saber de antemano qué contenía dicha carpeta y dada la circunstancia de que se trataba de una persona recién arrestada, el policía actuó prudentemente al ocupar la misma. Concebiblemente, la carpeta podía haber contenido un arma.

Sobre la materia de registros de personas legalmente arrestadas, la jurisprudencia del Tribunal Supremo de los Estados Unidos ha sido inconsistente. Así lo ha reconocido el propio Tribunal Supremo. Véanse *Chimel* v. *California*, 395 U.S. 752 (1969) a la pág. 755; y *Abel* v. *United States*, 362 U.S. 217 (1960) a la pág. 235. El caso de *Chimel* v. *California* tiene la reputación de que ha traído "orden" al anterior estado de la jurisprudencia de aquel tribunal sobre esta materia. En el mismo se hace un recuento de los casos más importantes sobre este asunto y a la pág. 763 se expresa el pensamiento del tribunal sobre el mismo. Se dice allí lo siguiente:

"Cuando se hace un arresto, el oficial que lo ejecuta puede registrar la persona arrestada para quitarle cualquier arma que tenga y que pueda utilizar para resistir el arresto o para intentar una fuga. De lo contrario la seguridad personal del agente del orden público estaría en peligro y aun el arresto podría quedar

---

(¹) En síntesis, una "orden de allanamiento o registro" es un mandamiento firmado por un magistrado, ordenando buscar y ocupar determinada propiedad mueble, Regla 229 de las de Procedimiento Criminal. En dicha orden se nombrarán o describirán con particularidad *la persona o el lugar* a ser registrado y las cosas a ocuparse. Regla 231 de Procedimiento Criminal.

frustrado. Además, es enteramente razonable que el agente del orden registre al arrestado y ocupe cualquier evidencia que éste tenga para evitar que la esconda o que la destruya. La misma norma debe aplicarse al área hasta la cual la persona arrestada pueda tener acceso para agarrar un arma o evidencia material. Un revólver sobre una mesa o en una gaveta frente a la persona arrestada puede ser tan peligroso como si ésta lo portase encima. Por lo tanto, hay justificación amplia para el registro de la persona arrestada y del área que está 'a su alcance inmediato'— queriendo decir esa frase el área de la cual el arrestado puede coger un arma o evidencia para destruirla."

En el párrafo que sigue al antes citado dice el tribunal que, por el contrario, no se justifica el registro de los demás cuartos o dependencias de la casa, y ni siquiera el de las gavetas de un escritorio o de otros muebles ni el de otras áreas cerradas que se encuentren en el mismo cuarto en que se efectuó el arresto.

A la pág. 773 expresa el tribunal que las consideraciones que hacen razonable un registro sin orden de allanamiento incidental a un arresto legal (ocupar armas, evitar una fuga, evitar destrucción de evidencia) no se aplican a un registro de lugares a los cuales la persona arrestada no tenga acceso físico inmediato.

En *Pueblo* v. *Riscard*, 95 D.P.R. 405 (1967) encontramos que el registro fue razonable, e incidental a, y contemporáneo con un arresto legal. Allí la situación era considerablemente distinta a la del caso de *Chimel*, supra. En *Chimel* se hace un arresto válido dentro de la vivienda del acusado. El acusado no ofreció resistencia alguna. La policía, sin tener una orden de allanamiento, registró toda la casa del acusado y encontró objetos hurtados. El tribunal rechazó ese registro por ser ilegal e irrazonable. Dicho registro, aunque contemporáneo con el arresto, no estaba justificado pues no podía tener ninguno de los propósitos que por excepción justifican un registro en esas circunstancias: ocupar armas que puedan ser usadas por la persona arrestada, evitar una

fuga o evitar la destrucción de evidencia. En *Chimel*, supra, el tribunal revocó los casos de *United States* v. *Rabinowitz*, 339 U.S. 56 (1950) y *Harris* v. *United States*, 331 U.S. 145 (1947).

En *Pueblo* v. *Riscard*, supra, cuando la policía fue a efectuar un arresto legal en la residencia del acusado éste corrió hacia un cuarto de la casa, adonde fue alcanzado por el agente. Allí hubo un forcejeo entre el acusado y el policía, en el cual intervino también la esposa del acusado. El agente ocupó un revólver cargado, poseído ilegalmente, que se encontraba en la tablilla de un ropero abierto que había en dicho mismo cuarto. Bajo las circunstancias de ese caso encontramos que el policía actuó prudentemente al ocupar dicha arma, pues, especialmente a la luz de la conducta del acusado y de su esposa, el arma podía ser utilizada por cualquiera de los dos para agredir al agente o para intentar la fuga del arrestado. Un movimiento sorpresivo del acusado o de su esposa podía poner aquel revólver en manos de uno de los dos.

Cada arresto, registro o allanamiento constituye una frontera en la cual se confrontan críticamente de un lado los derechos del individuo y su dignidad personal y del otro el derecho de la sociedad de protegerse a sí misma y de proteger a los más débiles de los delincuentes. Es muy difícil, quizás imposible, redactar reglas que resuelvan este problema de crisis fronteriza de una vez y para siempre. Pero como nos confrontamos con una situación práctica, de hechos que en forma parecida ocurren con frecuencia, debemos procurar establecer lo más claramente posible la norma aunque de antemano reconozcamos que no es perfecta:

■ 1. Es permisible un registro sin orden de allanamiento efectuado en la persona del arrestado y del área que está a su alcance inmediato. Como hemos dicho antes, esto se justifica para ocupar armas que puedan ser empuñadas y utilizadas por el acusado para agredir a los agentes del

orden público o para intentar una fuga, y para ocupar evidencia que de otro modo el arrestado podría destruir.

█ 2. No es permisible un registro sin orden de allanamiento, aunque sea contemporáneo con un arresto válido, de aquellos lugares y muebles de una casa que no están al alcance inmediato de la persona arrestada. Así, al efectuarse un arresto válido no pueden registrarse sin orden de allanamiento escritorios, archivos, roperos y otros muebles, y closets y las habitaciones y otras partes de la vivienda o edificio en que se arresta al acusado. Esa búsqueda que no tiene por propósito evitar los riesgos antes mencionados (agresiones con armas, fuga, destrucción de evidencia) no son registros razonablemente hechos con motivo de un arresto y por lo tanto están proscritos por la Sec. 10 del Art. 2 de la Constitución de Puerto Rico y por la Enmienda IV de la Constitución de los Estados Unidos.

El registro efectuado en el caso de autos, según se ha dejado descrito anteriormente, fue uno razonable e incidental y contemporáneo a un arresto válido. El error señalado no se cometió. En cuanto a si las advertencias fueron o no suficientes, no tenemos que entrar en ello pues, con o sin ellas, el registro de la carpeta fue legal y su producto—las prendas—eran admisibles en evidencia.

*Se confirmará la sentencia dictada en este caso.*

El Juez Presidente Señor Negrón Fernández no intervino.

