EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ MARCANO ROMERO, acusado y apelante.

*Número*: CR-72-139       *Resuelto*: 12 de febrero de 1974

*Fermín B. Arraiza Miranda* y *Graciany Miranda Marchand,* abogados del apelante; *Myriam Naveira de Rodón, Procuradora General,* y *Roberto Armstrong, Jr., Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Un juez expidió orden de arresto contra el apelante por infracción de los Arts. 6 y 8 de la Ley de Armas, motín y conspiración. El apelante resistió el arresto y en el forcejeo con los agentes cuando lo introducían en el vehículo oficial, el maletín que portaba cayó al piso del automóvil. Uno de los agentes lo abrió y encontró un revólver Smith & Wesson, tipo "magnum", calibre 38 cargado y 17 balas adicionales del mismo calibre. Se impugna por irrazonable el registro del maletín y se pide la supresión de la evidencia allí ocupada, que al ser admitida en juicio dio lugar a la convic-

ción del acusado por infracción del Art. 6 de la Ley de Armas que es objeto del presente recurso.

Dispone la Regla 19 de Procedimiento Criminal:

"Cualquier persona que realizare un arresto podrá quitar al individuo arrestado todas las armas que llevare encima y deberá entregarlas al magistrado ante quien se condujere al arrestado. En el caso de que el arresto se realizare por una persona particular y ésta entregare la persona arrestada a un funcionario del orden público según lo dispuesto en la Regla 22(a), dicha persona particular deberá entregar al funcionario las armas que ocupare, y éste a su vez deberá entregarlas al magistrado ante quien condujere a la persona arrestada."

■ El concepto "llevar encima" no se limita al cuerpo del intervenido sino que se extiende a cualquier maletín, bolso, funda, cartera, maleta, caja, u objeto de uso y naturaleza similar a éstos en que pueda ocultarse evidencia delictiva y que el individuo figurativamente "lleva encima" porque se mueve con él y seguirá tan unido a su persona como un bolsillo de su pantalón o una vaqueta, manteniendo el arma allí oculta a la inmediata disposición de su portador. El hecho de que el individuo se desprenda voluntariamente del maletín o de que en un forcejeo se separe físicamente del mismo no lo convierte de súbito en cáliz intocable, como tampoco abstraería del registro la vaqueta o el arnés que rueda por el suelo. Los casos de *Pueblo* v. *Sosa Díaz*, 90 D.P.R. 622 (1964) y *Pueblo* v. *Costoso Caballero*, 100 D.P.R. 147 (1971), en ninguno de los cuales medió orden judicial de arresto, regulan situaciones distintas fuera del ámbito de la transcrita Regla 19 cuyo principio satisface normas de constitucionalidad. *Pueblo* v. *Soto*, 77 D.P.R. 206, 210–212 (1954).

■ Sin embargo, habiendo uno de los agentes recibido información previa de que el apelante estaba armado, ante la resistencia de éste al arresto incluyendo su llamada a una turba que atacó con piedras a los policías en un intento por impedir la detención, viéndose éstos obligados a retirarse pre-

cipitadamente con el acusado en el automóvil oficial, razón válida que explica la dilatada contemporaneidad entre la detención y el registro del maletín, hay en este caso elementos y circunstancias que hubiesen justificado el registro incidental al arresto, aun cuando los oficiales no tuvieren orden de arresto librada por magistrado, bajo las normas limitativas de razonabilidad expuestas en *Pueblo* v. *Sosa Díaz*, supra; *Pueblo* v. *Polanco Marcial*, 95 D.P.R. 470 (1967); *Pueblo* v. *Riscard*, 95 D.P.R. 405 (1967); *Rolón* v. *Tribunal Superior*, 96 D.P.R. 662 (1968); y *Pueblo* v. *de Jesús Robles*, 92 D.P.R. 345, 359 (1965).

No estamos abandonando la regla de razonabilidad del registro mantenida en *Sosa Díaz*, supra. Lo irrazonable sería conservar inviolado el maletín recogido del suelo y sin pérdida de tiempo entregarlo al acusado como si en el forcejeo se le hubiera caído un reloj o un lápiz, porque si no ha de registrarlo la policía, no puede retenerlo. Es evidente que un maletín en las circunstancias relatadas aumenta considerablemente el peligro para el agente de orden público en su confrontación con el acusado al cumplimentar la orden de arresto. Es de público y notorio saber que hoy día junto a papeles y escritos, y aun sin este fruto intelectual, el maletín es el medio predilecto de muchas personas para tener un arma de fuego. Su amplio espacio y versatilidad permiten llevar en el mismo artefactos y materiales explosivos, armas cortas y una gama de instrumentos ofensivos.

■ Bajo cualquier criterio de razonabilidad el Art. II, Sec. 10 de nuestra Constitución que proscribe las incautaciones, registros y allanamientos irrazonables, no impide la ocupación de cuanto "lleva encima" un individuo arrestado por orden de magistrado.

■ En el presente caso la policía tenía orden de arresto contra el apelante por delito grave relacionado con una conducta violenta (infracción Arts. 6 y 8 de la Ley de Armas,

motín y conspiración). Estaba plenamente justificado el registro incidental de su persona y pertenencias inmediatas (¹) por autoridad que emana de la orden judicial de arresto. Mediando orden de arresto, el registro incidental del acusado y en situación extrema aun de su hogar, sin orden de allanamiento está plenamente justificado. *Pueblo* v. *Albizu*, 77 D.P.R. 896, 906 (1955); *Pueblo* v. *Soto*, supra; *Pueblo* v. *Miranda*, 79 D.P.R. 132, 134 (1956).

■ Procede añadir que el *concepto de razonabilidad* al practicar un arresto ha sido considerablemente expandido por el Tribunal Supremo de Estados Unidos al resolver que aun sin orden judicial, una vez puesta la persona bajo custodia física del agente en virtud de un arresto legal, éste podrá registrarla.

"El arresto de un sospechoso basado en causa probable es una intrusión razonable bajo la Enmienda IV; siendo legal la intrusión, el registro incidental al arresto no requiere más justificación. Es el hecho mismo del arresto legal lo que establece la autoridad para registrar, y resolvemos que un completo registro de la persona no sólo es una excepción al requisito de orden de la Enmienda IV, sino que también es un registro 'razonable' bajo dicha Enmienda." *United States* v. *Robinson*, (94 S.Ct. 467 (1973—38 L.Ed.2d 427).

Establecida la razonabilidad del registro, no erró el tribunal a quo al admitir el revólver y demás evidencia ocupada al apelante.

*Se modificará la sentencia dictada el 7 de diciembre de 1970 por el Tribunal Superior, Sala de San Juan, reduciendo a 6 meses de cárcel la pena impuesta a tenor de la Ley Núm. 9 aprobada en 7 de julio de 1971 (34 L.P.R.A. sec. 1712 (a)), y así modificada se confirmará.*

---

(¹) "Este derecho al registro contemporáneo y a la ocupación de armas y evidencia no solamente cubre a la persona que está siendo legalmente arrestada, sino también se extiende a los lugares (premises) y *cosas* que están bajo su control inmediato." (Citas.) *Pueblo* v. *Riscard*, supra. (Énfasis suplido.)