EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARCOS TORRES RESTO, acusado y apelante.

*Número:* CR-74-5 *Resuelto:* 25 de septiembre de 1974

*Dora Nevárez de Pagán,* abogada del apelante; *Myriam Naveira de Rodón, Procuradora General,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue sentenciado por tribunal de derecho a cumplir concurrentemente dos penas de 5 a 8 años de presidio por infracciones a la Ley de Narcóticos de Puerto Rico, 24 L.P.R.A. sec. 974z. Se le imputó en un cargo posesión y dominio, y en otro, ocultación y transportación de la droga narcótica conocida por heroína. Plantea como único error la admisión en evidencia de ciertos objetos incriminatorios ocupados a raíz del arresto del apelante en la letrina de una casa desocupada.

El agente que arrestó declaró que el día de los hechos estaba en el Cuartel cuando se le aproximó un individuo para querellarse que en determinado lugar había tres individuos en circunstancias sospechosas. Acompañado de otros agentes, fueron al lugar indicado donde encontraron una residencia destartalada en aparente estado de abandono rodeada de una cerca de madera con un portón sin candado en la entrada. Entraron a la propiedad y caminaron hacia la parte posterior donde había una pequeña estructura que servía de letrina. Pudieron ver a través de la puerta entreabierta de la letrina a tres individuos, quienes cuando abrieron la puerta para conversar con ellos, se sorprendieron arrojando al suelo los objetos en controversia e intentando huir. Fueron detenidos y se recuperaron del suelo varios sobres con polvo blanco y otra parafernalia relacionada con el uso ilegal de la droga. Se sometió la evidencia a análisis químico cuyos resultados dieron positivo. El tribunal sentenciador, luego de oír a las partes, determinó que la casa

en cuestión no era una casa abandonada pues pertenecía a la madre de crianza del apelante. Denegó la supresión fundándose en el hecho de que el apelante y sus compañeros no vivían en la parcela y por consiguiente no tenían *standing* para invocar la protección constitucional contra registros irrazonables. Concurrimos con la conclusión pero por distintos fundamentos.

 Es cierto que la protección constitucional contra registros y allanamientos irrazonables se extiende al solar y predio que junto a la casa constituye la unidad de vivienda, así como a las edificaciones accesorias a ésta. Sin embargo, bajo las circunstancias de este caso, no se justifica concluir que hubo un allanamiento ilegal. El registro de la letrina tuvo lugar después del arresto, siendo dicho registro incidental a un arresto legal y válido conforme a las disposiciones de la Regla 11 de Procedimiento Criminal de 1963. Hemos sostenido que el registro incidental a un arresto legal se puede extender a la persona arrestada y a los lugares (*premises*) y cosas bajo su control. *Pueblo v. Riscard*, 95 D.P.R. 405 (1967); *Pueblo* v. *Cruz Rivera*, 100 D.P.R. 345 (1971). No hay allanamiento ilegal por el hecho de que el agente de la policía haya penetrado los linderos de la propiedad en funciones investigativas para conversar con los ocupantes de la residencia. En el transcurso de esta actividad legítima, si el agente observa dentro de la residencia a través del umbral, la comisión de un delito, el arresto y el registro incidental es válido siempre que concurra por lo menos uno de los propósitos enumerados en *Pueblo* v. *Costoso Caballero*, 100 D.P.R. 147 (1971).[1]

En *Pueblo* v. *Álvarez Solares*, 95 D.P.R. 789 (1968), expresamos a la pág. 795: "En las circunstancias de este caso, no estamos en condiciones de resolver que hubo un allanamiento irrazonable de la residencia del apelante por el solo hecho de pasar el fiscal por el portón sin candado para tocar en la puerta de entrada o por un costado. En las residencias urba-

---

[1] Estos son: ocupar armas que puedan ser usadas por la persona arrestada, evitar una fuga o evitar la destrucción de evidencia.

nas, ésa es la manera usual de procurar a una persona o de llamar a su puerta. . . .″

■ Por otro lado no siendo final y firme la sentencia para la fecha en que entró en vigor el Art. 404 de la Ley de Sustancias Controladas, el apelante tiene derecho a acogerse a los beneficios de dicha ley, que impone penalidades más benignas que la ley bajo la cual fue convicto. Véase *Pueblo* v. *Rosario Cintrón,* 102 D.P.R. 82 (1974).

*Debe confirmarse el fallo condenatorio y devolverse el caso a la sala sentenciadora para que proceda a resentenciar al apelante conforme a lo dispuesto por el Art. 404 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2404.*

El Juez Asociado Señor Martín, concurre en el resultado.