EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN MIRANDA (*a*) MONCHO, acusado y apelante.

Número 16080.
*Sometido:* 2 de abril de 1956. *Resuelto:* 23 de abril de 1956.

*Manuel López Carrillo*, abogado del apelante; *Hon. Secretario de Justicia José Trías Monge* y *Rafael L. Ydrach Yordán* y *Ramón C. Ruiz Sánchez, Fiscal* y *Fiscal Auxiliar, respectivamente, del Tribunal Supremo*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El apelante fué sentenciado por tres infracciones a la sec. 81 y una infracción a la sec. 77 de la Ley de Bebidas. [1] Las tres primeras consisten en que el día 30 de junio de 1955 el apelante tenía bajo su posesión y dominio, en su casa residencia, tres alambiques para la producción de ron sin tener los mismos inscritos en la Oficina del Secretario de Hacienda de Puerto Rico. La otra infracción consiste en que en el mismo sitio y en igual fecha dicho apelante tenía en su posesión y dominio diez galones de ron caña, de fabricación clandestina, sin tener adheridos los correspondientes sellos de Rentas Internas según dispone la ley.

El acusado solicitó en la corte a quo la devolución de la evidencia ocupada por los agentes de Rentas Internas alegando que dicha evidencia había sido ocupada al practicarse un registro ilegal de su residencia. Su moción fué denegada. Durante el juicio el acusado se opuso infructuosamente a la admisión de dicha evidencia.

En apelación insiste en que fué condenado con evidencia obtenida a virtud de un registro ilegal. Discrepamos. La casa del apelante está situada en terrenos del Estado Libre

---

[1] Ley núm. 6 de junio 30 de 1936 ((2) pág. 45), según fué enmendada por la Ley núm. 117 de abril 27 de 1949 ((1) pág. 303).

Asociado de Puerto Rico en el caño de Martín Peña, sitio conocido como Barriada Tokío. Es una casa de maderas con un colgadizo que le sirve de cocina a la parte de atrás. En sus alrededores hay fango y agua y la gente camina por sobre tablones. Como a las dos de la tarde del día de los hechos tres agentes de Rentas Internas hacían un recorrido por esa barriada. Al llegar a una casa el público gritó: "¡Ahí vienen los guardias!" Unas personas salieron corriendo de la casa del apelante. Los agentes avanzaron por sobre un tablón que había al lado lateral derecho de la casa y vieron al apelante tratando de arrancar la serpentina de un alambique puesto al fuego en el colgadizo o cocina. Penetraron en dicho sitio para arrestarle pero éste se dió a la fuga. Los agentes ocuparon en la cocina de la casa del apelante tres alambiques puestos al fuego, de los cuales dos estaban ya destilando, y además dos latas conteniendo ron caña.

Hemos dicho que la contención del apelante es que el registro de su casa fué ilegal porque los agentes no iban provistos de una orden de allanamiento. Bajo las circunstancias que aquí concurren tal orden de allanamiento era innecesaria. El acusado estaba cometiendo un delito público en presencia de los agentes de Rentas Internas y éstos estaban facultados para arrestarle sin orden de arresto. Art. 116 Código de Enj. Criminal. *Griffin* v. *State*, 92 A.2d 743, cert. denegado, 345 U.S. 907; *Johnson* v. *United States*, 333 U.S. 10, 15. El propósito principal de dichos agentes al penetrar en la casa del acusado fué el de proceder a su arresto. La incautación de los alambiques y del ron clandestino y por ende, el registro de la cocina donde se cometió el delito, fué incidental a dicho arresto. Un registro sin orden de allanamiento está justificado cuando aquél es incidental a un arresto legal. *Pueblo* v. *Albizu*, 77 D.P.R. 896, 906; *Pueblo* v. *Soto*, 77 D.P.R. 206; *Pueblo* v. *Santos*, 71 D.P.R. 310; *Martin* v. *United States*, 155 F.2d 503; *Smallwood* v. *United States*, 68 F.2d 244; *Mattus* v. *United States*,

11 F.2d 503; 79 C.J.S., sec. 67, págs. 840, 845; 47 Am. Jur. 515, sec. 19.  El hecho de que el acusado eludiera el arresto en aquel momento por haberse dado a la fuga, no cambia la doctrina.  *United States* v. *Elliot Hall Farm*, 42 F.Supp. 235, 238; *Kelley* v. *United States*, 61 F.2d 843.  Tampoco cambia la regla el hecho de que el colgadizo o cocina registrado sea una dependencia de la residencia del acusado.  *Johnson* v. *United States*, supra, 92 L.Ed. 436;  *Harris* v. *United States*, 331 U.S. 145,  91 L.Ed. 1399.

*Por los motivos expuestos, la corte a quo no cometió el error imputádole.  En su consecuencia la sentencia apelada será confirmada.*