EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARÍA GONZÁLEZ RIVERA y RAÚL OLMEDO GARCÍA, acusados y apelantes.

*Número:* CR-70-142          *Resuelto:* 28 de abril de 1972

*Rosa Nilda Ponce Cancel,* abogada de los apelantes; *Gilberto Gierbolini, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

A María González Rivera y Raúl Olmeda se les imputó en una acusación varias infracciones a la Ley de Drogas y Narcóticos de Puerto Rico consistentes en (1) posesión y dominio de la droga narcótica conocida como heroína, (2) ocultación y transportación de heroína y (3) posesión y dominio de la droga narcótica conocida como cocaína, sin que en

su envoltura se encontrase adherida la marca distintiva adoptada por el Secretario de Hacienda según lo dispuesto en el Art. 37 de la Ley Núm. 48 de 18 de junio de 1959.

Celebrado el juicio por tribunal de derecho, luego de renunciar válidamente su derecho a juicio por jurado, y a base únicamente de la prueba de cargo ya que los acusados no presentaron prueba de defensa, ambos acusados fueron declarados culpables en todos y cada uno de los cargos que se les imputaron.

Antes del día señalado para la celebración del juicio, los acusados habían presentado una moción sobre supresión de evidencia. Se acordó que dicha moción se resolvería a base de la prueba que se presentara en el juicio.

Se imputa como primer error la admisión de la evidencia sometida por el fiscal, por ser la misma producto de un registro ilegal e irrazonable.

La única prueba presentada en el juicio demostró que en la tarde del 23 de abril de 1969 varios Agentes Especiales de Rentas Internas, entre los cuales estaba el Agente José Miguel Díaz Alamo, se encontraban realizando labores de investigación. El Agente Díaz Alamo se ha dedicado por 22 años a la persecución del tráfico ilegal de drogas, la mayor parte de ese tiempo, en la zona metropolitana, primero como Agente Encubierto y después como Agente Abierto. Esa tarde recibieron una querella escrita de manos de una persona conocida del Agente Díaz Alamo y quien se había identificado como Comisario de Barrio del Sector conocido como Colectora, Coroza, Gandul y Trinchera. En cinco o seis ocasiones anteriores el Comisario había dado querellas a los agentes, las que fueron investigadas por éstos con resultado positivo. Todos esos sectores tienen la reputación de ser lugares donde se trafican diariamente con drogas. En la tarde de referencia los agentes se dirigieron a la calle Gaviota a investigar la querella del Comisario y tratar de localizar a las personas que se denunciaban en dicha querella. Al llegar a la calle

Gaviota, los agentes abandonaron el automóvil y continuaron caminando a pie. Al penetrar en uno de los callejones, vieron un grupo de personas, entre las cuales se encontraban los acusados-apelantes. Al notar la presencia de los agentes, el acusado Olmedo García le pasó a la co-acusada María González Rivera un paquetito envuelto en papel color rosa y ésta se lo llevó al seno. El agente Díaz Alamo se dirigió a María y agarró el paquete que sobresalía un poco de su escote. Al examinar el paquete el agente encontró una caja partida de cigarrillos y dentro de la caja 21 *"decks"* y otra caja pequeña de cigarrillos conteniendo 13 sobrecitos de papel plomado que se usan para envasar la cocaína.([1]) Fue entonces que el agente puso bajo arresto a María y a Olmedo. Analizando químicamente los 13 *"decks"* dieron todos positivos de cocaína.

■ Un funcionario del orden público puede hacer un arresto sin la orden correspondiente, (a) cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia, (b) cuando la persona arrestada hubiese cometido un delito grave *(felony)*, aunque no en su presencia, y (c) cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito grave *(felony)*, independientemente de que dicho delito se hubiere cometido o no en realidid. Regla 11 de Procedimiento Criminal. Para determinar si un funcionario tuvo motivos fundados para creer que la persona a ser arrestada ha cometido un delito en su presencia, la conducta del funcionario o agente del orden público ha de ser juzgada a base de la apreciación que haría una persona prudente y razonable de las circunstancias presentes. *Cepero Rivera* v. *Tribunal Superior*, 93 D.P.R. 245 (1966). Motivos fundados para creer que la persona arrestada ha cometido un delito grave, por el cual se le arresta, consiste en la posesión

---

([1]) El agente Díaz Alamo declaró que al ocupar el paquete no sabía que contenía *"decks"* y que después de abrirlo es que se da cuenta. (T.E. págs. 50 y 51.)

de aquella información y conocimiento que lleven a una persona ordinaria y prudente a creer que el arrestado ha cometido el delito. *Pueblo* v. *Cabrera Cepeda,* 92 D.P.R. 70 (1965). Es innecesario resolver si bajo las circunstancias presentes en este caso los agentes tenía causa probable para arrestar válidamente a los acusados-apelantes antes del registro ya que éste precedió al arresto.

Quizás las circunstancias presentes en este caso pudieron justificar el arresto previo e inmediato de los apelantes sin necesidad de una orden judicial. (²) Sin embargo el agente procedió a registrar a una de las acusadas, antes de ponerla bajo arresto.

■ Reiteradamente hemos resuelto que un registro sin orden de allanamiento está justificado cuando es incidental a un arresto legal. *Pueblo* v. *Miranda,* 79 D.P.R. 132 (1956), pero que un registro ilegal no deja de serlo porque en la persona o lugar en que se efectúa se encuentre evidencia delictiva. *Pueblo* v. *Barrios,* 72 D.P.R. 171 (1951). Véase además, *Henry* v. *United States,* 361 U.S. 98, 4 L.Ed.2d 134.

■ La Sec. 10 del Art. II de nuestra Constitución dispone que no se violará el derecho del pueblo a la protección de sus personas, cosas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables y así mismo, que sólo se expidirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo el lugar a registrarse y las personas a detenerse o las cosas a ocuparse. La evidencia obtenida en violación de esta sección será inadmisible en los tribunales.

■ Esta disposición es similar a la de la Cuarta Enmienda de la Constitución de los Estados Unidos, cuya aplicación ha sido extendida a los Estados a través de la Enmienda

---

(²) Véanse, *Pueblo* v. *Flores Valentín,* 88 D.P.R. 913 (1963) y *McCray* v. *Illinois,* 386 U.S. 300, 18 L.Ed.2d 327.

Catorce, *Mapp* v. *Ohio*, 367 U.S. 643, 6 L.Ed.2d 1081. A pesar de que estas disposiciones constitucionales prohíben los registros e incautaciones sin orden judicial, tanto nuestra jurisprudencia como la del Tribunal Supremo Nacional ha reconocido algunas excepciones al principio general. Nosotros hemos reconocido la validez de un registro cuando es inicidental a un arresto legal. *Pueblo* v. *Miranda*, supra. Por su parte el Tribunal Supremo Nacional, en *Katz* v. *United States*, 389 U.S. 347, 19 L.Ed.2d 576, se expresó así:

"Registros realizados sin orden han sido considerados ilegales 'no obstante la demostración indubitable de hechos demostrativos de causa probable,' Agnello v United States, 269 US 20, 33, 70 L.Ed. 145, 149, 46 S Ct 4, 51 ALR 409, ya que la Constitución requiere 'que el juicio ponderado e imparcial de un oficial judicial . . . se interponga entre el ciudadano y la policía . . . .' Wong Sun v United States, 371 US 471, 481–482, 9 L ed 2d 441, 451, 83 S. Ct 407. 'Reiteradamente este Tribunal ha enfatizado que el mandato de la enmienda [Cuarta] requiere el cumplimiento de los procesos judiciales,' United States v Jeffers, 342 US 48, 51, 96 L ed 59, 64, 72 S Ct 93, y que los registros realizados fuera del proceso judicial sin la previa aprobación de un magistrado son irrazonables *per se* bajo la Cuarta Enmienda con algunas excepciones específicas establecidas y bien definidas."

■ Entre las pocas excepciones señaladas por aquel alto tribunal, figuran el registro incidental a un arresto legal, *Agnello* v. *United States*, 269 U.S. 20, 70 L.Ed. 147; *Preston* v. *United States*, 376 U.S. 364, 11 L.Ed.2d 777; el registro de un vehículo de motor, barco o vagón cuando existe causa probable para creer que se transporta mercancía de contrabando o prohibida por ley. *Carrol* v. *United States*, 69 L.Ed. 542; *Hasty* v. *United States*, 75 L.Ed. 624; *Brinegar* v. *United States*, 93 L.Ed. 1879, cuando el vehículo ha sido confiscado y el registro posterior del vehículo está relacionado con la razón por la cual se arrestó a su ocupante, *Cooper* v. *California*, 386 U.S. 58, 17 L.Ed.2d 730, cuando la propiedad a ser incautada está en proceso de destrucción o en inminente riesgo

de ser destruida, *Johnson* v. *United States*, 92 L.Ed. 436; (³)
*McDonald* v. *United States*, 93 L.Ed. 155, o cuando las exigen-
cias de las circunstancias hacen imperativo proceder a un
registro previo al arresto como cuando de no efectuarse el
registro se pone en peligro la vida de los agentes o de otras
personas. *Maryland Penitentiary* v. *Hayden*, 387 U.S. 294, 18
L.Ed.2d 782; y cuando se da consentimiento para el registro o
se renuncia al derecho constitucional contra registros y alla-
namientos irrazonables, *Zap* v. *United States*, 328 U.S. 624,
90 L.Ed. 1477.

■ El presente caso no cae dentro de ninguna de las
excepciones señaladas. Cuando el agente se acercó a la acusada
María González y se incautó del paquetito sacándoselo del
seno, ella no trató de huir, o de destruir la evidencia, ni hizo
resistencia. Tampoco demuestra la prueba que las circunstan-
cias exigían, para protección de vidas, que el registro se
practicara antes del arresto de los acusados-apelantes. Nada
indica en la prueba que el registro fuera incidental a un
arresto ya que el primero precedió al segundo. Al acercarse el
agente a la apelante no le indicó, por ejemplo, que estaba
detenida o arrestada, que no se moviera o que se detuviera, ni
cualquier otra expresión indicativa de que la ponía bajo
arresto. Tampoco la detuvo físicamente. El agente pues no
la puso bajo custodia antes de registrarla. Véase Regla 4 de
Procedimiento Criminal.

Surge de la prueba, por el contrario, que después que el
agente Díaz Alamo abrió el paquetito y encontró que contenía
unos *decks*, fue que decidió arrestar y arrestó a los acusados-
apelantes.

Debemos concluir por lo tanto, que el registro de la acu-
sada María González, fue ilegal, y en su consecuencia que
la prueba ocupada era inadmisible.

(³) Véase además, *Abel* v. *United States*, 362 U.S. 217, 4 L.Ed. 2d 668,
donde se resuelve que un arresto administrativo (deportación), justifica un
registro como incidental al mismo.

Habiéndose cometido el primer error es innecesario considerar el segundo, *ya que la sentencia apelada debe ser revocada y absolverse a los acusados-apelantes.*

El Juez Presidente, Señor Negrón Fernández, no intervino.