Urgell Cuebas, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
El 11 de septiembre de 1995, el peticionario Wilfredo Vega Lugo, presentó ante nuestra consideración una Petición de Certiorari para revisar una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual se declaró sin lugar una moción de supresión de evidencia presentada por el peticionario. Dicha Resolución fue dictada el 8 de agosto de 1995 y notificada el 11 de agosto del corriente año. Al día siguiente, 12 de septiembre, presentó también ante nuestra consideración, una Moción de Auxilio de Jurisdicción a los fines de que se paralizacen los procedimientos en el Tribunal de Primera Instancia, hasta tanto se adjudicaran las controversias planteadas en el recurso de certiorari, tomándose, además, en cuenta que la vista en su fondo del caso está señalada para el 19 de septiembre de 1995.
*962 Luego de considerar, este recurso de certiorari y la Moción en Auxilio de Jurisdicción, procede-mos a denegar las solicitudes formuladas en vista de que el Tribunal de Primera Instancia no incidió al emitir la Resolución recurrida. Veamos.
El peticionario fue acusado de infringir varios artículos de la Ley de Armas de Puerto Rico, entre éstos, Art. 4 (3 cargos), Art. 6 (2 cargos), Art. 7 y Art. 8,25 L.P.R.A. Sec. 414,416-418.
El 5 de julio de 1995 el peticionario presentó una moción de supresión de evidencia ante el Tribunal de Primera Instancia. El 7. de julio el Tribunal de Instancia, celebró una. vista para discutir la moción. Luego de los planteamientos de las partes, éste deciará no ha lugar a la solicitud de supresión de evidencia.
En la petición de certiorari plantea el peticionario que el Tribunal de Instancia incidió al negarse a celebrar una vista evidenciaría en cuanto a la moción de supresión de evidencia; al relevar al Ministerio Público de su deber de establecer mediante prueba, que el registro impugnado fue legal y razonable; y al aplicar al caso la norma expuesta por el Tribunal Supremo en Pueblo de Puerto Rico v. Cruz Maldonado Rivera, 137 D.P.R._, 94 JTS 39.
A los fines de poder tener un cuadro completo de los eventos que dieron margen a la incautación de la evidencia que se solicita sea suprimida, a continuación transcribimos la parte pertinente de la Declaración Jurada del agente del orden público que intervino con el peticionario:

"El día 6 de abril de 1995 como a eso de las 12:20 de la madrugada aproximadamente mientras se encontraba en la Calle Roosvelt [sic] de la Barriada Figueroa en Santurce en unión a varios compañeros y el Sargento Colón realizando un plan de orientación para las personas que transitaban por dicha calle y no eran residentes de dicha barriada, relacionado a que en dicho lugar hay un conocido punto de venta de sustancias controladas. Me encontraba parado en la Calle Roosvelt [sic] esquina Villamil cuando un vehículo marca Honda Accord color gris oscuro se detiene debido a los vehículos detenidos frente a dicho vehículo. Cuando comienzo a acercarme al vehículo Honda, para orientar a los ocupantes del mismo, me percato que el pasajero delantero le estaba pasando al conductor una escopeta recortada y éste a su vez le pasaba dicha arma al pasajero de la parte posterior de dicho vehículo quien la arroja al piso del auto. Inmediatamente desenfundo mi arma de reglamento y le indico al compañero Quijano Núm. 10449: "Tienen una escopeta". Rápidamente ocupé el arma que se encontraba en el piso de la parte posterior lado del conductor y le pregunto a los ocupantes que si tenían permiso para portar armas de fuego y ellos indicaron que no tenían. Estos fueron puestos bajo arresto y le fueron leídas sus advertencias de rigor. Al hacer un registro de la persona del conductor quien resultó ser Ernesto Vega Lugo, le ocupé en la cintura del pantalón un arma de fuego, una pistola calibre 22, marca Automag II, color niquelada con cachas negras plásticas con el número de serie H32140, no estaba cargada y en su bolsillo derecho delantero un puñal con el cabo en madera color marrón de stainless steel de cuatro pulgadas y media de hoja, ésta en una baqueta de cuero color marrón. Luego registro al pasajero parte posterior quien resultó ser Josué Cruz Román le ocupé una manopla de aluminio color niquelada y una cuchilla de 3 1/2 pulgadas aproximadamente. El pasajero delantero resultó ser Wilfredo Vega Lugo."

Antes de pasar a analizar y discutir los planteamientos del peticionario, es preciso tener en cuenta que la Regla 234 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 234, establece, entre otros, que en la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma. El tribunal oirá prueba sobre cualquier cuestión de hechos necesaria para la solución de la solicitud.
Conforme a lo resuelto por el Tribunal Supremo, en El Pueblo de Puerto Rico v. Cruz Maldonado Rivera y otros, supra, páginas 11715 y 11716, no es suficiente que el promovente de una moción de supresión de evidencia, escuetamente alegue uno de los fundamentos que se señalan en la Regla 234, supra, sino que tiene que exponer hechos precisos o las razones específicas para la solicitud. A tales efectos, es indispensable que el promovente demuestre que existe una controversia sustancial de hechos, que haga necesaria una vista evidenciaría.
Si consideramos los argumentos y señalamientos del peticionario, contenidos tanto en su petición *963 de certiorari, así como en la moción de supresión de evidencia, tenemos que concluir que en forma alguna se ha establecido una controversia sobre los hechos materiales y pertinentes que dieron lugar al allanamiento de la evidencia que se pretende suprimir. El peticionario meramente pretende descansar en que la versión ofrecida por el agente del orden público, antes transcrita, no es creíble y es estereotipada. En forma alguna el peticionario ha presentado en sus escritos hechos precisos sobre los cuales se pueda razonablemente concluir o inferir una controversia de hechos, que requiera una vista evidenciaría.
La incompatibilidad alegada por el peticionario, de que en las denuncias juramentadas presentadas se alega que las armas fueron ocupadas en el vehículo de motor, contrario a lo dicho en la declaración jurada del agente del orden público de que dichas armas, excepto la escopeta, se habían encontrado en las personas de los acusados Ernesto Vega y Josué Cruz Román, no tiene el alcance de establecer la controversia de hechos que amerite tal vista. En ambas existe el hecho común de que la escopeta estaba en el vehículo, requiriendo el registro para la protección de los agentes y otras personas.
otro lado, aduce el peticionario que el Ministerio Público venía obligado a establecer mediante prueba, que el registro fue legal y razonable. Para ello descansa en que toda incautación, allanamiento o registro sin orden produce una presunción de invalidez y que le compete al Ministerio Público rebatirla mediante la presentación de prueba. Pierde de vista el peticionario que según los hechos particulares de este caso, dicha presunción no aplica al demostrarse la existencia de circunstancias que hacía innecesaria la obtención de la orden judicial. Es totalmente irrazonable que se requiera una orden judicial para el registro y allanamiento que aquí nos concierne, ya que en presencia del agente del orden público se cometió el delito y este tenía la obligación ministerial de incautarse inmediatamente de la evidencia material, como lo hizo.
Los hechos del caso citado por el peticionario de. Pueblo v. González Rivera, 100 D.P.R. 651 (1972), son totalmente distinguibles al que nos ocupa. Én dicho caso la intervención del funcionario del orden público con la acusada fue ilegal ya que no se trataba de un registro incidental a un arresto legal, ni tampoco mediaron circunstancias especiales que hicieran imperativo realizar un registro, previo al arresto de la acusada, como cuando de no efectuarse el mismo se pone en peligro la vida de los agentes o personas presentes. Por el contrario, en nuestro caso es evidente que la intervención de los agentes del orden público y el arresto del acusado, se basó en que éstos tenían motivos fundados creer que éste había cometido un delito grave en su presencia. Además, el registro e incautación de las armas ilegales aquí concernidas, está permitido cuando se realiza en un vehículo de motor, barco o vagón, cuando existe causa probable para creer que se transporta mercancía de contrabando o prohibido por ley. Igualmente se permite el registro cuando las exigencias de las circunstancias hacen imperativo proceder a un registro previo al arresto, como cuando de no efectuarse el registro se pone en peligro la vida de los agentes o de otras personas. Surge claramente de la Declaración Jurada antes transcrita, que el agente del orden público había observado la evidencia delictiva lo que hacía imperativo el registro del vehículo y de los ocupantes, para la protección de éstos. El caso de El Pueblo de Puerto Rico v. Manuel Cruz Torres, 138 D.P.R._, 94 JTS 122, sostiene las conclusiones que hemos expuesto anteriormente. Más aún, podemos señalar que los hechos que dieron lugar al allanamiento y registro en este caso son más justificados y razonables que los hechos considerados por Tribunal Supremo en el caso antes citado.
Finalmente, nos resta disponer sobre el argumento del peticionario de que la declaración del agente del orden público, es una no creíble y estereotipada. En forma alguna ha puesto en posición, tanto al Tribunal de Primera Instancia como a este Tribunal, de resolver que en efecto se trata de una declaración estereotipada. Nuestro Tribunal Supremo ha indicado que un testimonio estereotipado es el idénticamente presentado en una serie de casos. No se nos ha demostrado tales circunstancias en este caso. Tampoco se trata de una declaración que contenga contradicciones, lagunas o vaguedades de donde se pueda deducir que se trata de una declaración estereotipada. Pueblo v. González del Valle, 102 D.P.R. 374 (1974). En cuanto a la credibilidad de la declaración jurada del agente del orden público, se trata de un asunto, que en ausencia de una controversia sobre los hechos materiales pertinentes, se dilucidará oportunamente en el juicio.
Por las consideraciones anteriores, se declara sin lugar la Moción en Auxilio de la Jurisdicción y se deniega la Petición de Certiorari.
*964 Notifíquese por teléfono y la vía ordinaria al abogado-del peticionario y al Ministerio Fiscal.
Así lo pronunció y^manda el Tribunal y lo certifica la’Secretaria .Generala.
María de la C. González Cruz
Secretaria General