Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Mediante el presente recurso de Certiorari, el peticionario, Noel C. Flores Rodríguez pretende que revoquemos la resolución del Tribunal de Primera Instancia, Sala Superior de Guayama que declaró sin lugar una moción de supresión de evidencia. La resolución recurrida dispuso que la prueba presentada por el Ministerio Público fue suficiente en derecho para establecer que el agente del orden público tuvo motivos fundados para creer que se estaba o se iba a cometer un delito en su presencia, razón por la cual, el arresto y el registro fueron válidos.
*1027 Como único error argumenta que incidió el Tribunal de Primera Instancia al resolver que el testimonio vertido por el agente Carlos Ortiz Cordero no fue uno estereotipado y que la evidencia fue obtenida en violación al mandato constitucional establecido en la Sec. 10, Art. II de la Constitución del Estado Libre Asociado:
Examinados el expediente ante nuestra consideración y el derecho aplicable, resolvemos que no se cometió el aludido error por lo que denegamos la expedición del auto de Certiorari solicitado. Al así actuar, declaramos sin lugar la Moción Solicitando Paralización de Procedimientos en Auxilio de Jurisdicción.
I
Noel C. Flores Rodríguez fue acusado de violar el Artículo 404 de la Ley de Sustancias Controladas. El 3 de septiembre de 1997 la defensa presentó una moción de supresión de evidencia alegando que no existían en el caso de marras elementos suficientes en derecho para rebatir la presunción de ilegalidad de un registro sin orden. La vista evidenciaría para discutir la moción de supresión se celebró el 7 de octubre de 1997.
El único testigo de cargo, el agente Carlos Ortiz Cordero, declaró que desde el 5 de noviembre de 1985 es policía y desde el 12 de julio de 1996 pertenece a la Unidad de Saturación de Guayama. También declaró que fue agente encubierto por dos años. Surge de su testimonio que el 13 de mayo de 1997, mientras realizaba su patrullaje preventivo por el área de Borínquen en el punto La Plumita observó a una dama sentada en un escalón de un negocio llamado "Pink Panter". En esos momentos salió del callejón de la Calle Tetúan el acusado-peticionario con una bolsa plástica transparente con unas cápsulas con tapa azul con polvo blanco en su interior. Este a plena vista, estiró la mano y se la mostró a la joven. Por su experiencia entendió que él le estaba entregando la bolsa a la joven y que ésta contenía sustancias controladas.
Acto seguido, éste se bajo del vehículo y se identificó como policía. Ocupó la bolsa con la cápsula y le hizo las advertencias legales pertinentes al peticionario. Luego de los análisis correspondientes resultó que la bolsa contenía cocaína. Atestó que el peticionario estaba borracho.
Al ser contrainterrogado por la defensa, el testigo declaró que no había mencionado en la declaración jurada que le fuera tomada que el acusado estuviera borracho, así como tampoco recordaba si había mencionado ese detalle en la vista preliminar. Declaró desconocer el nombre de la señora a quien el acusado iba a entregar el sobre con las cápsulas. Tampoco la describió en su declaración jurada ni en la vista preliminar.
El día de los hechos vestía su uniforme de la Unidad de Saturación y se encontraba acompañado por el agente Bermúdez y por el guardia municipal Irving Ofray.
Concluida la vista y luego de sopesar la credibilidad que le mereció el testimonio del agente Ortiz Cordero, el Tribunal de Primera Instancia resolvió que el agente tuvo motivos fundados para creer que se estaba o se iba a cometer un delito en su presencia por lo que el arresto y el registro fueron válidos. Avalamos la resolución recurrida.
II
La sección 10 del artículo II de nuestra Constitución dispone que:

"No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables. No se interceptará la comunicación telefónica.

*1028
Sólo se expedirán mandamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse.

Evidencia obtenida en violación a esta sección será inadmisible en los tribunales". 

El propósito que pretende garantizar este precepto es la protección de la intimidad y dignidad de los seres humanos y sus pertenencias, domicilio o propiedad frente a las actuaciones irrazonables por parte del Estado e interponer la figura del juez entre los funcionarios públicos y la ciudadanía para así brindarle una mayor garantía de razonabilidad ante tal intrusión. Véase, Pueblo en Interés del Menor N.R.O, _ D.P.R. _ (1994), 94 J.T.S. 118, op. de 12 de septiembre de 1994; Pueblo v. Muñoz Santiago, _ D.P.R. _ (1992), 92 J.T.S. 149, opinión de 6 de noviembre de 1992; Pueblo v. Conde Pratts, 115 D.P.R. 307 (1984); Pueblo v. Dolce, 105 D.P.R. 422 (1976).
Esta disposición tiene su base en nuestra Constitución y en la Constitución de los Estados Unidos, aunque la nuestra es más abarcadora que la Cuarta Enmienda de la Constitución Federal, cuya aplicación ha sido extendida a los Estados a través de la Enmienda Catorce, Mass v. Ohio, 367 US 643 (1961). Tanto en nuestra jurisdicción como en la norteamericana impera la norma general de que todo registro, allanamiento o incautación que se realice sin que medie una orden de un tribunal se presume que es ilegal y/o irrazonable y, por ende, la evidencia ocupada es inadmisible y no puede ser usada en un procedimiento judicial. E.L.A. v. Coca Cola Bott. Co., 115 D.P.R. 197 (1984); Pueblo v. Falú Martínez, 116 D.P.R 828 (1986). A esos efectos, se activa una presunción de invalidez que le impone al Ministerio Público la obligación de rebatir tal presunción mediante la presentación de prueba sobre las circunstancias especiales que requirieron proceder al registro o incautación sin la correspondiente orden judicial. Pueblo en interés del menor N.R.O., supra; Pueblo v. Pacheco Báez, _ D.P.R. _ (1992), 92 J.T.S. 69, opinión del 8 de junio de 1992; Pueblo v. Rosario Igartúa, _ D.P.R. _ (1992), 92 J.T.S. 24, opinión del 26 de febrero de 1992; Pueblo v. Martínez, 120 D.P.R. 479 (1988); E.L.A. v. Coca Cola Bott. Co., supra; Pueblo v. Lebrón, 108 D.P.R. 324 (1979).
La norma constitucional que prohibe el registro sin orden judicial previa no es absoluta ni confiere derechos irrestrictos. Regla 11 de Procedimiento Criminal, 34 L.P.R.A., Ap II; Pueblo v. Cruz Torres, _ D.P.R. _ (1994), 94 J.T.S. 122, opinión del 14 de septiembre de 1994; Pueblo v. Alcalá Fernández, 109 D.P.R. 326 (1980); Pueblo v. Lebrón, supra, Pueblo v. González Rivera, 100 D.P.R. 651 (1972).
Una de las circunstancias especiales jurisprudencialmente reconocida ante la cual no se requiere orden previa es cuando la evidencia está a plena vista, es arrojada o abandonada. Pueblo v. Lebrón, supra. Néase también, Pueblo en interés del menor N.R.O., supra. Al respecto, el Tribunal Supremo de Puerto Rico dispuso que para que un registro sin previa orden judicial sea válido al amparo de la norma del acto ilegal a plena vista, tienen que concurrir los siguientes requisitos:

"1) El artículo debe haberse descubierto a plena vista y no en el curso o por razón del registro.

2) El agente que descubrió la prueba debe haber tenido derecho previo a estar en el lugar desde donde vio la prueba aludida.

3) La prueba debe descubrirse inadvertidamente.

4) La naturaleza delictiva del objeto debe surgir de la simple observación."

*1029 De igual manera, nuestro acervo jurisprudencial reconoce que en ausencia de otras consideraciones, se debe escudriñar con especial rigor aquellas narraciones que por sus caractéristicas levanten la sospecha de ser un testimonio estereotipado. Véase, Pueblo v. Rivera Rodríguez, 123 D. P.R. 467 (1989). El testimonio estereotipado es aquel que presenta un cuadro casi idéntico al vertido en otros casos similares, en el cual se circunscriben a establecer los requisitos mínimos del delito, sin mencionar aquellos hechos particulares del caso. Pueblo v. González del Valle, 102 D.P.R. 374, 377 (1974). Véasen también, Pueblo v. Almódovar, 109 D.P.R. 117 (1979); Pueblo v. Ayala Ruiz, 93 D.P.R. 704 (1966).
Cónsono con lo anterior, debemos evaluar si en el caso de marras se cumplieron con las circunstancias excepcionales requeridas para convalidar el testimonio de un agente del orden público que intervino con una persona sin tener orden judicial. Los criterios al evaluar la credibilidad de tales testimonios deben ser:

"(a) todo testimonio estereotipado debe escudriñarse con especial rigor;

(b) los casos de la evidencia abandonada o lanzada al suelo deben, en ausencia de otras consideraciones, inducir sospecha de la posible existencia de testimonio estereotipado;

(c) si el testimonio es inherentemente irreal o improbable debe ser rechazado,

(d)-el testimonio estereotipado puede perder su condición de tal si yendo más allá de los datos indispensables para probar requisitos mínimos de un delito, se le rodea de las circunstancias en que funciona el agente, el término de su investigación, los resultados obtenidos fuera del caso en trámite y otros detalles.

(e) la presencia de contradicciones, lagunas o vaguedades en el testimonio debe tender a reforzar el recelo con que hay que escuchar esta clase de declaraciones; y

(f)el peso de la prueba de liberar el testimonio estereotipado de sospecha recae en el Procurador de Menores, según sea el caso; la prueba de cargo a tales efectos no podrá ser : flaca y descarnada." Pueblo v. González del Valle, supra, pág. 378. Véase además, Pueblo v. \ Almodovar, supra.
De la prueba desfilada en instancia, y a la luz de los criterios expuestos, no podemos inferir que nos encontramos ante un testimonio estereotipado. El hecho de que la actuación delictiva se haya efectuado a plena luz del día, sin más, no da cabida para concluir que estamos ante un testimonio estereotipado. Pueblo v. Torres García, _ D.P.R. _ (1994), 94 J.T.S. 123, opinión de 19 de septiembre de 1994. Véase también, Pueblo v. Espinet Pagán, supra.
Al hacer el análisis correspondiente al caso de autos resulta razonable concluir que las observaciones realizadas por el agente Ortiz Cordero y vertidas en la vista de supresión de evidencia fueron suficientes para demostrar que el agente tuvo motivos fundados para creer que se estaba cometiendo un delito en su presencia.
La existencia de "motivos fundados" para el arresto sin orden de magistrado es el resultado de una rápida evaluación de las circunstancias, en la cual el oficial de policía llega a la conclusión de que la persona ha cometido un delito en su presencia. Para así concluir el agente debe relacionar el comportamiento de la persona frente a él con los hábitos de conducta y manera de actuar de infractores de la Ley en las circunstancias similares. Pueblo v. Pacheco Báez, _ D.P.R. _ (1992), 92 J.T.S. 69, opinión de 8 de junio de 1992.
No hallamos en el presente caso razón alguna que nos mueva a concluir que erró el
*1030 Tribunal de Primera Instancia al declarar sin lugar la moción de supresión de evidencia.
Por último, es de rigor consignar que en ausencia de pasión, prejuicio, parcialidad o error manifiesto, no habremos de intervenir con la apreciación de la prueba que hiciere el foro de instancia. Pueblo v. Meliá León, _ D.P.R. _ (1997), 97 J.T.S. 110, pág. 1356, opinión de 30 de junio de 1997.
Por lo precedentemente expuesto, denegamos la expedición del auto de certiorari solicitado.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 77
1. Véase, Constitución del Estado Libre Asociado de Puerto Rico, Documentos Históricos, 1 L.P.R.A., ed. 1982, pág. 299.
2. Enmienda Cuarta de la Constitución de los Estados Unidos: "No se violará el derecho del pueblo a la seguridad de sus personas, hogares, documentos y pertenencias, contra registros y allanamientos irrazonables y no se expedirá ningún mandamiento, sino en virtud de causa probable, apoyada por juramento y promesa, y que describa en detalles el lugar que ha de ser allanado y las personas o cosas que han de ser detenidas o incautadas".
3. "Regla 11. ARRESTO POR UN FUNCIONARIO DEL ORDEN PUBLICO

Un funcionario del orden público podrá hacer un arresto sin la orden correspondiente:

(a) Cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia. En este caso deberá hacerse el arresto inmediatamente o dentro de un término razonable después de la comisión del delito. De lo contrario el funcionario deberá solicitar que se expida una orden de arresto."

4. Véase como ilustración, la siguiente jurisprudencia sobre evidencia ocupada a plena vista: Pueblo v. Dolce, supra; Pueblo v. Narváez Cruz, 121 D.P.R. 429 (1988); Pueblo v. Cruz Torres, supra; Pueblo v. Rodríguez, _ D.P.R. _ (1991), 91 J.T.S. 49, opinión del 20 de mayo de 1991; Pueblo v. Espinet, 112 D.P.R. 531 (1982).