# 2000 DTA 132

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS-HUMACAO-GUAYAMA**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

CARLOS M. FELIX DE LEON
Peticionario

Núm. KLCE-2000-00469

San Juan, Puerto Rico, a 5 de junio de 2000

Panel integrado por su Presidente, el Juez Soler Aquino
y los Jueces Colón Birriel y Rodríguez Muñiz

Rodríguez Muñiz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El peticionario acude ante nos mediante recurso de *certiorari* y solicita la revisión de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 4 de abril del 2000. Mediante la misma, el foro de instancia declaró sin lugar una solicitud de supresión de evidencia.

Por las razones que exponemos, expedimos el auto solicitado y revocamos la resolución recurrida.

## RELACION DE HECHOS

El Agente Luis R. Meléndez Ramos, en adelante *"el Agente"*, se encontraba en la Barriada Borínquen del Municipio de Guayama a eso de las 6:45 a.m. del 11 de agosto de 1999. Vigilaba un área que era utilizada como punto de drogas utilizando un radio portátil y unos binoculares.

Surge de su testimonio que en un momento determinado, el Agente vio un individuo, que luego resultó ser el peticionario, acercarse a otro. Durante la conversación sostenida entre ambos, vio al aquí peticionario entregar varios billetes al otro individuo, y éste a su vez le hizo entrega al peticionario de algo que, el Agente admite en su declaración, no pudo observar lo que era.

Al ver esta movida, el Agente asumió que se trataba de una transacción de sustancias controladas, por lo que procedió a comunicarse con otros agentes para que acudieran a arrestar al aquí peticionario, lo cual hicieron.

Por estos hechos, el 9 de septiembre de 1999 se presentó una querella contra el peticionario por poseer sustancias controladas y portar consigo parafernalia, específicamente una jeringuilla hipodérmica.

Luego de varios trámites procesales y ante la presentación de una moción de supresión de evidencia por parte de la defensa del peticionario, el tribunal señaló una vista para el 4 de abril de 2000. Celebrada la misma, el tribunal declaró sin lugar la referida moción sobre supresión de evidencia por entender que el Agente tuvo motivos fundados para creer que el día de los hechos el peticionario estaba llevando a cabo una transacción de drogas.

Inconforme con esta determinación, el peticionario recurre ante nos mediante recurso de 4 de mayo de 2000 y señala que:

*"Erró el Honorable Tribunal de Primera Instancia al declarar no ha lugar la moción de solicitud de supresión de evidencia debido a que el propio testimonio del agente Luis R. Meléndez Ramos establece claramente un caso de ausencia total de motivos fundados para arrestar al no establecerse de manera alguna elementos del delito imputado."*

El 5 de mayo de 2000 dictamos una resolución concediéndole al recurrido un término de diez (10) días para mostrar causa por la cual no se debía expedir el auto solicitado. En cumplimiento de nuestra orden, compareció ante nos dicha parte y se allanó a que resolviéramos, conforme a lo que en derecho proceda.

Estando en condiciones de resolver la controversia antes expuesta, procedemos a hacerlo.

## EXPOSICION Y ANALISIS

Nos corresponde determinar si en las circunstancias particulares del caso de autos, erró el foro de instancia al declarar sin lugar la moción de supresión de evidencia, resolviendo que una sospecha de actividad delictiva constituye motivos fundados suficientes para efectuar un arresto sin orden judicial previa.

El Artículo II, sección 10 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico ▮ establece que:

*"No se violará el derecho del pueblo a la protección de sus personas, casas, papeles contra registros y allanamientos irrazonables.*

*No se interceptará la comunicación telefónica. Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial. Y ello únicamente cuando exista causa probable apoyada de un juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse.*

*Evidencia obtenida en violación de esta sección, será inadmisible en los tribunales."*

La norma antes transcrita da origen a la llamada norma de exclusión. No obstante, el medio práctico procesal mediante el cual un ciudadano puede reclamar los derechos que consagra la mencionada disposición constitucional es la Regla 234 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 234 (1998*). Pueblo v. Blase,* \_\_\_\_ D.P.R. \_\_\_\_ (1999), **99 J.T.S. 100**, opinión de 23 de junio de 1999. Esta regla dispone, en lo pertinente, lo siguiente:

*"La persona agraviada por un allanamiento o registro ilegal podrá solicitar al tribunal... la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los siguientes fundamentos:*

*(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.*

*...*

*En casos en que se determine que la evidencia incautada fue obtenida en violación al mandato constitucional y a lo dispuesto por esta regla, el tribunal deberá suprimir la evidencia obtenida. En consecuencia, ésta no será admisible en los tribunales como prueba sustantiva de la comisión de un delito." Pueblo v. Blase, supra.*

La norma de exclusión persigue: (1) proveer un remedio efectivo a la víctima del registro y allanamiento irrazonable o ilegal; (2) evitar que el gobierno se beneficie de sus propios actos ilegales; (3) preservar la integridad del tribunal; y (4) disuadir a los oficiales del orden público a que en el futuro no repitan las acciones objeto de la impugnación. Mediante esta regla, un ciudadano puede solicitar, antes del juicio, la supresión de evidencia material (objetiva) y testifical. El propósito de la vista previa al juicio, en consecuencia, es tanto para fomentar la economía procesal como de recursos que se traducen en gastos. *Pueblo v. Blase, supra.*

Cónsono con lo expuesto anteriormente, en Puerto Rico impera la norma general de que todo registro, allanamiento o incautación que se realice sin que medie una orden de un magistrado, se presume ilegal y/o irrazonable y, por ende, la evidencia producto del mismo no puede ser utilizada en un proceso judicial. *Pueblo v. Malavé González,* 120 D.P.R. 470 (1988); *E.L.A. v. Coca Cola,* 115 D.P.R. 197 (1984). Compete al Ministerio Público rebatir dicha presunción mediante la presentación de prueba sobre las circunstancias especiales que requirieron esa intervención. *Pueblo v. Santiago Alicea,* \_\_\_\_ D.P.R. \_\_\_ (1995), **95 J.T.S. 45**,

opinión de 18 de abril de 1995; *Pueblo v. Cruz Torres*, ___ D.P.R. ___ (1994), **94 J.T.S. 122,** opinión de 14 de septiembre de 1994.

La mencionada presunción de invalidez no es absoluta. Bajo ciertas circunstancias, los registros sin orden judicial pueden ser considerados constitucionalmente válidos. En tales casos, el fiscal viene obligado a probar que el registro realizado fue legal y razonable, y así también, como paso previo, el arresto, debiendo presentar prueba sobre las circunstancias especiales que le permitieron actuar sin orden. *Pueblo v. Santiago Alicea, supra; Pueblo v. Ramos Santos,* ___ D.P.R. ___ (1992), **92 J.T.S. 176,** opinión de 23 de diciembre de 1992; *Pueblo v. Meléndez,* ___ D.P.R. ___ (1994), **94 J.T.S. 103,** opinión de 13 de julio de 1994.

La Regla 11 de las de Procedimiento Criminal ▇ enumera las circunstancias en las cuales se puede efectuar un arresto sin la correspondiente orden judicial. Conforme al inciso (a) de la referida disposición, es válido un arresto sin orden judicial por un funcionario del orden público cuando éste tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia.

El concepto de motivos fundados se ha definido como aquella información y conocimiento que llevan a una persona ordinaria y prudente a creer que el arrestado ha cometido un delito. *Pueblo v. González Rivera,* 100 D.P.R. 651 (1972); *Pueblo v. Alcalá Fernández,* 109 D.P.R. 326 (1980); *Pueblo v. Ruiz Bosch,* ___ D.P.R. ___ (1991), **91 J.T.S. 7,** opinión del 25 de enero de 1991. Además, en este último caso, el Tribunal Supremo señaló que: "... *la frase motivos fundados es sinónima de "causa probable" que contiene la sección 10 del Artículo II de nuestra Constitución".*

Una determinación de si hay causa probable o motivo fundado se basa en criterios de probabilidad y razonabilidad. Lo importante es si el agente que efectúa el arresto y allanamiento sin orden judicial, tiene, al momento de hacerlo, base razonable o motivos fundados para creer que se estaba violando o se iba a violar la ley; esto es, si se desprende, de la totalidad de las circunstancias, que una persona prudente y razonable creería que se ha cometido o se va a cometer un delito en su presencia o la ofensa objeto de una confidencia. *Pueblo v. Ortiz Alvarado,* ___ D.P.R. ___ (1994), **94 J.T.S. 6,** opinión de 1 de febrero de 1994.

Esa determinación de probabilidad y razonabilidad tiene que basarse en hechos y no en meras sospechas. En otras palabras, para que existan motivos fundados para realizar un arresto sin orden judicial, deben existir circunstancias excepcionales que lo justifiquen. El agente del orden público que realiza tal arresto debe conocer o estar informado de hechos concretos que razonablemente apunten a la comisión de un delito. Meras sospechas no bastan. *Pueblo v. Colón Bernier,* ___ D.P.R. ___ (1999), **99 J.T.S. 64,** opinión de 20 de abril de 1999; *Pueblo v. Rey Marrero,* 109 D.P.R. 739 (1980); *Pueblo v. Ruiz Bosch, supra.*

Esta exigencia no impide que los agentes del orden público actúen en forma coordinada y concertada en la persecución de un crimen. De lo contrario, la labor policíaca se vería entorpecida, propiciándose la fuga del sospechoso y frustrándose la labor de la policía. *Pueblo v. Martínez Torres,* 120 D.P.R. 496 (1988). El agente que inicia la cadena de comunicaciones debe tener información de primera mano. *Pueblo v. Luzón,* 113 D.P.R. 315 (1982).

Evaluada la situación sometida ante nuestra consideración a la luz de la normativa expuesta antes, es forzoso concluir que no existían motivos fundados para efectuar el arresto del peticionario sin previa orden judicial.

Surge del expediente que el Agente del orden público no presenció ninguna conducta que, de por sí, fuese de naturaleza delictiva. Tanto el peticionario como la otra persona, se comportaban ordenadamente. De hecho, el mismo Agente declara que sólo los vio conversando antes de que ocurriera la supuesta transacción ilegal.

La decisión de dicho Agente de arrestar al aquí peticionario se fundamentó en una conjetura que no pasó de ser una mera sospecha, como lo comprueba la declaración de éste cuando admite que no pudo observar lo que el

peticionario recibió de la mano de la otra persona. Es claro, pues, que el Agente en el caso de autos, no tenía información o conocía hechos suficientes que razonablemente apuntaran a la comisión de un delito.

Es doctrina reiterada que las determinaciones del tribunal de origen no deben ser descartadas arbitrariamente ni sustituidas por el criterio del tribunal apelativo a menos que éstas carezcan de base suficiente en la prueba presentada. Su apreciación merece gran respeto y deferencia, por razón de que los foros recurridos están en mejor posición para evaluar la prueba desfilada, pues tienen la oportunidad de ver y oír a los testigos declarar. *Pueblo v. Maisonave*, 129 D.P.R. 49 (1991); *Pueblo v. Cabán Torres,* 117 D.P.R. 645 (1986); *Pueblo v. Ríos Alvarez,* 112 D.P.R. 92 (1982).

Por tales razones, el foro apelativo debe abstenerse de intervenir con la apreciación de la evidencia hecha por el tribunal recurrido en ausencia de pasión, prejuicio, parcialidad, error manifiesto, a menos que la apreciación de la evidencia se aleje de la realidad fáctica o la prueba sea inherentemente imposible o increíble. *Pueblo v. Maisonave, supra.*

En el presente caso, la resolución recurrida valida el fundamento de que una mera sospecha o conjetura constituye motivo fundado como para que un Agente del orden público pueda llevar a cabo un arresto sin orden judicial previa. Somos de opinión que el foro de instancia erró al hacer dicha determinación.

El arresto sin orden del peticionario fue uno ilegal, por razón de que el agente que lo efectuó no poseía motivos fundados. Como consecuencia de ello, la ocupación de la evidencia que se solicita suprimir es producto del arresto ilegal del recurrente. La ocupación realizada es fruto del árbol ponzoñoso. *Pueblo v. Serrano Cancel,* ____ D.P.R. ____ (1999), **99 J.T.S. 69**, opinión de 23 de abril de 1999.

Conforme a la cláusula de exclusión contenida en el citado Artículo II, Sec. 10 de nuestra Constitución, la evidencia obtenida producto del referido arresto es inadmisible en los tribunales. Por ello, procedía en este caso declarar con lugar la moción de supresión de evidencia.

Estando presentes las circunstancias que se requieren para intervenir con la discreción del foro de instancia, procede revocar la resolución recurrida.

Por los fundamentos expuestos, expedimos el auto solicitado y revocamos la resolución recurrida y se remite el caso al foro de instancia para que continúe con los procedimientos de forma consistente con la presente sentencia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General